IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

ROBERT SEIGEL, SHEILA SEIGEL,
EVERGREEN INVESTMENTS, LLC,
LESLIE TURNER, MARION TURNER
and DAVID GIBSON,

    Appellants,

v.                            Cause No. 13-CV-12-ACT/WDS

BOARD OF COUNTY COMMISSIONERS
OF SANTA FE COUNTY,

    Appellee.

**MOTION TO REMAND**

Appellants Robert Seigel, Sheila Seigel, Evergreen Investments, LLC, Leslie Turner, Marion Turner and David Gibson (the "Appellants"), by and through their undersigned counsel, Sommer Karnes & Associates, LLP, hereby file this Motion to Remand pursuant to 28 U.S.C § 1447(c) and as grounds state:

1. Appellants commenced this action on December 26, 2012 in the First Judicial District Court of the State of New Mexico appealing the Santa Fe County Board of County Commissioners' (the "BCC") decision to approve an application for development pursuant to Rule 1-074, NMRA 2006 (the "Appeal") and alleging that the BCC's decision to use taxpayer funds to provide water and sewage treatment for the development violated the Anti-Donation Clause of the New Mexico Constitution (Count 1) and the Establishment Clause of the United States Constitution and New Mexico Constitution Article 2, section 11 (Count 2).

2. The BCC filed its Notice of Removal on January 8, 2012 claiming existence of

a federal question based on Count 2 and that the United States District Court has supplemental jurisdiction over Appellants' state law claims in Counts 1 and 2. (BCC's Notice of Removal § 6)

3. The BCC did not, in its Notice of Removal, allege that the United States District Court has supplemental jurisdiction over the Appeal.

4. This Court assigned a case number and has accepted the case on the basis of a federal question.

5. In order to streamline the proceedings and conserve resources, on January 10, 2013, Appellants filed their Amended Notice of Appeal and Complaint (the "Amended Notice of Appeal"), which deleted Counts 1 and 2, leaving the Appeal as the sole claim remaining in the case.

6. The Appeal arises solely under New Mexico law: Rule 1-074, NMRA 2006.

7. Subsequently, following receipt of Appellants' Amended Notice of Appeal on January 10, 2013, the BCC filed its Answer to Notice of Appeal and Complaint and Amended Notice of Appeal (the "Answer").

8. In its Answer, the BCC acknowledged Appellants' prior filing of the Amended Notice of Appeal, and raised a new claim that federal question jurisdiction exists with respect to the Appeal because "the Decision of Defendant being appealed arose out of the terms of a settlement of a federal lawsuit, Case No. 12-CV-00105 JB/LFG, in which federal and supplemental state law claims were alleged against Defendant." (Answer, p. 1)

9. To date, no substantive motions, discovery, hearings or other actions on the case have been filed, held or set.

10. Where the claims over which the district court has supplemental jurisdiction have been dismissed, the district court may decline to exercise supplemental

jurisdiction over a remaining non-federal question claim. (28 USC §1367(c)(3))

11. In exercising its discretion, the Supreme Court has instructed that courts should consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)

12. In this case, first filed on December 26, 2012, remand is warranted given that the sole remaining claim involves application of a state statute, the Appeal can be most efficiently decided by the state court and neither of the parties nor the federal district court has expended resources on substantive litigation. (cf. Henderson v. Nat'l R.R. Passenger Corp., 412 Fed. Appx. 74 (10th Cir. 2011), district court's retention of jurisdiction upheld where, at the time remand was requested, the parties had filed a Joint Status Report and Provisional Discovery Plan, prepared and served disclosure statements, attended a scheduling conference, designated expert witnesses and trial had been set).

13. In an apparent attempt to manufacture a federal question, the BCC contends that because the decision being appealed "arose out of the terms of a settlement of a federal lawsuit" that a federal question exists. (Answer p.1)

14. The district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States. (28 USC §1331, emphasis added)

15. The BCC misconstrues the nature of the Appeal. The Appeal challenges a decision of the BCC to approve an application for development and arises purely out of State statute. The reasons why the BCC might have chosen to

render the decision are irrelevant to the Appeal. Rather the Appeal challenges the legality of the action taken by the BCC pursuant to State statute.

16. The Appeal has no relation to the circumstances that may have given rise to the BCC decision and does not implicate any federal question or arise out of the Constitution, a law or a treaty of the United States.

17. The existence of a federal question depends on whether the <u>cause of action</u> arose out of federal law – not whether the defendant previously approved a settlement agreement in order to resolve a federal lawsuit against it.

18. The Amended Notice of Appeal raises a single cause of action that is grounded solely on State – not federal law. No part of the single cause of action set forth in the Amended Notice of Appeal arises out of federal law.

19. The BCC's attempt to maintain federal question jurisdiction by bootstrapping a prior case that has been settled, and which case has no relation to the validity or invalidity of the decision being appealed, is meritless.

20. No federal question exists in this case, and the equities warrant remand of the remaining state law claim. Appellants respectfully request this Court to remand the above-styled action to the First Judicial District Court of the State of New Mexico for further action.

                Respectfully submitted,

                SOMMER KARNES & ASSOCIATES, LLP
                Attorneys for Appellants
                200 West Marcy Street, Suite 133
                Post Office Box 2476
                Santa Fe, New Mexico 87504
                (505) 989-3800

5

By /s/ Karl H. Sommer
Karl H. Sommer

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by electronic mail via the Pacer e-filing and service system on January 16, 2013, to the following:

Attorneys for Defendant

Stephen C. Ross
Santa Fe County Attorney
102 Grant Avenue
Santa Fe, NM 87501

Robert W. Becker
French & Associates, P.C.
500 Marquette Avenue NW, Suite 500
Albuquerque, NM 87102
(505) 843-7075

/s/ Karl H. Sommer
SOMMER KARNES & ASSOCIATES, LLP
Attorneys for Appellants
200 West Marcy Street, Suite 133
Post Office Box 2476
Santa Fe, New Mexico 87504
(505) 989-3800