IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SEIGEL, SHEILA SEIGEL,
EVERGREEN INVESTMENTS, LLC,
LESLIE TURNER, MARION TURNER
and DAVID GIBSON,

    Plaintiffs- Appellants,

vs.                                                                            No. CIV 13-12 KG/KBM

BOARD OF COUNTY COMMISSIONERS
OF SANTA FE COUNTY,

    Defendant,

and

O CENTRO ESPIRITA BENEFICENTE
UNIAO DO VEGETAL (UDV-USA),
O CENTRO ESPIRITA BENEFICENTE
UNIAO DO VEGETAL, NUCLEO SANTA FE (UDV),
and THE AURORA FOUNDATION,

    Defendants/Intervenors.

MEMORANDUM OPINION AND ORDER

On January 16, 2013, Plaintiffs filed a Motion to Remand seeking to remand this case to the First Judicial District Court, County of Santa Fe, State of New Mexico. (Doc. 7). On January 17, 2013, Defendant Board of County Commissioners of Santa Fe County (BCC) filed a Motion to Consolidate seeking to consolidate this lawsuit with *O Centro Espirita Beneficente Uniao do Vegetal (UDV-USA), et al. v. Board of County Commissioners of Santa Fe County*, No. 12-cv-0105 KG/LFG (D.N.M.) (the *O Centro* litigation). (Doc. 9). On January 21, 2013, BCC filed a response to Plaintiffs' Motion to Remand arguing that the Court should deny Plaintiffs' Motion to Remand and consolidate this case with the *O Centro* litigation. (Doc. 13). On April 8, 2013,

Intervenors[1] also filed a response opposing the Motion to Remand. (Doc. 25). On March 1, 2013, Plaintiffs filed a reply to the BCC's response. (Doc. 18). On April 17, 2013, Plaintiffs filed a reply to the Intervenors' response. (Doc. 28). On December 5, 2013, the Court dismissed the *O Centro* litigation with prejudice and denied BCC's Motion to Consolidate as moot. (Doc.34). For the following reasons, Plaintiffs' Motion to Remand is granted.

*I. Background*

Plaintiffs, property owners in Santa Fe County, brought this action following BCC's approval of Intervenor UDV-SF's land use application to build a temple in Santa Fe County. Intervenor UDV-USA is the United States arm of a Christian spiritist religion that was founded in Brazil over 60 years ago; Intervenor UDV-SF is UDV-USA's Santa Fe congregation; and Intervenor Aurora Foundation is a private, not-for-profit organization that paid certain expenses incurred by UDV-SF in connection with its land use application to build a temple in Santa Fe County.

    A. *Notice of Appeal and Complaint and Amended Notice of Appeal and Complaint (Docs. 1, 4)*

On December 26, 2012, Plaintiffs filed a Notice of Appeal and Complaint with the First Judicial District Court, County of Santa Fe, State of New Mexico. The Notice of Appeal and Complaint contained an appeal, pursuant to Rule 1-074 NMRA[2], of BCC's approval of UDV-SF's land use application to build a temple in Santa Fe County. The Notice of Appeal and Complaint also included two counts against BCC: Count 1, alleging violation of the Anti-

---

[1] On March 28, 2013, O Centro Beneficente Uniao do Vegetal (UDV-USA), O Centro Beneficente Uniao do Vegetal, Nucleo Santa Fe (UDV-SF), and the Aurora Foundation intervened as defendants in this matter. (Doc. 23). For clarity, these parties will be referred to as Intervenors.

[2] Rule 1–074 NMRA governs review of administrative agency decisions when "there is a statutory right of review to the [New Mexico state] district court."

Donation Clause of the New Mexico Constitution; and, Count 2, alleging a violation of the Establishment Clause of the First Amendment to the United States Constitution and Article 2, Section 11 of the New Mexico Constitution. On January 28, 2013, BCC filed a Notice of Removal, removing the case to this Court, claiming federal question jurisdiction based on Count 2 and supplemental jurisdiction over Plaintiffs' state law appeal and the state law claims in Count 1 and Count 2. (Doc. 1). On January 10, 2013, Plaintiffs filed an Amended Notice of Appeal and Complaint, which eliminated Counts 1 and 2, leaving the state law appeal of BCC approval of UDV-SF's land use application as the sole issue remaining in the case. (Doc. 4).

Plaintiffs' grounds for appealing BCC's approval of UDV-SF's land use application are not apparent from the Amended Notice of Appeal and Complaint, which only states that Plaintiffs "appeal from the November [27], 2012, decision by [BCC]. . . approving [UDV-SF's land use application]." In their Reply, Plaintiffs state that the basis for the appeal is BCC's "failure to follow its own procedures in approving the [UDV-SF]'s application." (Doc. 28) at 3. Plaintiffs further state that

> [r]egardless of the circumstances it may find itself, [BCC] is obligated to act in accord with its Code and New Mexico law. For a quasi-judicial decision such as this, the public is entitled to an opportunity to be heard, an opportunity to present and rebut evidence, to a tribunal which is impartial in the matter – i.e. having no pre-hearing or *ex parte* contacts concerning the question at issue – and to a record made and adequate findings executed. . . . [BCC] approved the application as part of its consent calendar without providing public notice of or holding a public hearing.

*Id.* (internal quotations and citations omitted).

B.  *Summary of Relevant Facts*

As discussed above, Plaintiffs are appealing BCC's approval of UDV-SF's land use application to build a temple in Santa Fe County. UDV-SF originally filed its land use application with BCC on July 7, 2009. On October 25, 2011, BCC entered a written order

3

formally denying UDV-SF's land use application. On February 2, 2012, Intervenors brought the *O Centro* litigation against BCC pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIP)[3], 42 U.S.C. Sections 1983 and 1988, the New Mexico Religious Freedom Restoration Act[4], and the New Mexico Tort Claims Act[5]. BCC and Intervenors conducted mediation and eventually reached a settlement agreement. *See* (Doc. 4-1). According to the settlement agreement, *inter alia*, BCC agreed to approve UDV-SF's land use application in exchange for Intervenors dismissing the *O Centro* litigation. *Id.* On November 27, 2012, at a meeting in Santa Fe County, BCC approved a revised order incorporating the terms of the parties' settlement agreement, including the approval of UDV-SF's land use application. *Id.* On December 5, 2013, the Court approved the settlement agreement and dismissed the *O Centro* litigation with prejudice.

*II. Discussion*

In opposing Plaintiffs' Motion for Remand, BCC and Intervenors first argue that the Court has jurisdiction over this case despite Plaintiffs' elimination of the federal claim. The Court agrees that it has supplemental jurisdiction over Plaintiffs' state law appeal. *See* 28 U.S.C. § 1367(a). The issue to be addressed is whether the Court should continue to exercise supplemental jurisdiction over Plaintiffs' state law appeal or relinquish supplemental jurisdiction and remand the appeal to the New Mexico state court.

Plaintiffs argue that remand is warranted because the state court appeal is grounded solely on state, not federal, law. Furthermore, Plaintiffs' contend that the factors considered under the supplemental jurisdiction doctrine, formerly known as the pendent jurisdiction

---

[3] 42 U.S.C. §§ 2000cc to 2000cc-5.

[4] NMSA 1978, §§ 28-22-1 to 28-22-5 (2000).

[5] NMSA 1978, §§ 41-4-1 to 41-4-27 (2009).

doctrine, weigh in favor of remand. BCC and Intervenors argue that remand is not warranted because "federal court jurisdiction may not be frustrated by dismissing claims or causes of action that form the basis for jurisdiction." (Doc. 13) at 7. This argument is unpersuasive. The United States Supreme Court has held that the concern that

> a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). However, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.*

The factors to be considered under the pendent jurisdiction doctrine are judicial economy, convenience, fairness, and comity. *Id.* at 350 n. 7. "Pendent jurisdiction . . . is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* at 350. In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*; *see also* 28 U.S.C. § 1367(c)(3); *McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006) ("The pre-trial dismissal of all federal law claims, leaving only a state law claim, generally prevents a district court from reviewing the merits of the state law claim."); *Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir.1986) ("If a federal claim against a party is dismissed before trial, the pendent state law claims should often be dismissed as well.").

The decision to continue to exercise pendent jurisdiction over state-law claims is within the Court's discretion. *See Carnegie-Mellon*, 484 U.S. at 351.

 A. *Judicial economy*

Judicial economy is the "[e]fficiency in the operation of the courts and the judicial system; esp., the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources." *Black's Law Dictionary* 923 (9th ed. 2009). The Court has not invested substantial time or resources in this litigation. No conferences have been held, and only one hearing has been held regarding the Motion to Remand and BCC's motion to consolidate. *See* (Doc. 27). The Court has not set case management deadlines or trial dates. The Court dismissed the *O Centro* litigation with prejudice making it unlikely that remanding the state court appeal will lead to duplication of efforts. Additionally, the parties in this case have not invested considerable resources or efforts in this litigation. Discovery has not commenced, the parties have not filed a joint status report, and no dispositive motions have been filed. For these reasons, remanding this case to state court will not impede judicial economy, and this factor weighs in favor of remanding the state court appeal to state court.

 B. *Convenience*

The November 27, 2012, meeting in which BCC approved UDV-SF's land use application to build a temple occurred in Santa Fe County. Additionally, Plaintiffs, BCC, and UDV-SF are located or own land in Santa Fe County. The Court, therefore, presumes that most of the potential witnesses and evidence involved in Plaintiffs' state court appeal are located in Santa Fe County. Plaintiffs are seeking to have this case remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico which is located in the city of Santa Fe, New Mexico. For these reasons, it would not be inconvenient for the parties if the state court appeal

was heard in the First Judicial District Court, County of Santa Fe, State of New Mexico. The convenience factor weighs in favor of remanding the case.

    *C. Fairness*

BCC and Intervenors argue that fairness dictates that the state court appeal should remain in federal court for two reasons. First, Defendants contend that "[f]ederal courts will not remand a case to state court where there is a risk of litigating the same issues and therefore obtaining inconsistent results." (Doc. 18) at 22. It is unlikely that remanding the state court appeal will lead to litigating the same issues. The *O Centro* litigation focused on alleged religious discrimination by BCC when it denied UDV-SF's land use application to build a temple. In contrast, Plaintiffs' state law appeal, as provided by state statute, contests only the legality of BCC's decision to approve UDV-SF's land use application. Therefore, it is unlikely that any issues in the *O Centro* litigation will be re-litigated if the state court appeal is remanded. Because the state court will not be litigating "the same issues," there is no risk of inconsistent results upon remand.

Second, BCC and Intervenors argue that UDV-SF's right to access federal court to vindicate its First Amendment and RLUIPA rights may be in jeopardy if this case is remanded to state court. They argue that if UDV-SF participated in the state court proceedings, it "would then run the risk of losing its access to federal court to bring a challenge to the adverse result, since the *Rooker-Feldman* doctrine arguably might apply." (Doc. 18) at 22. The *Rooker–Feldman* doctrine precludes "a party losing in state court ... from seeking what in substance would be appellate review of [a] state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Plaintiffs' state court appeal focuses on whether BCC followed proper procedure when it granted UDV-SF's land use application. If the state court decides that BCC did not follow the proper procedures, UDV-SF would only be barred from seeking federal

district court review of the state court's ruling involving whether the proper procedures were followed. However, this Court would have original jurisdiction to accept any case in which UDV-SF alleges that BCC violated its First Amendment or RLUIPA rights. Additionally, any adverse result in the state court proceeding could be appealed within the state court system. *See* Rule 1-074 NMRA (V). Finally, if Plaintiffs amend their appeal to raise issues involving federal law, UDV-SF is free to remove the litigation to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1441(a). Therefore, remanding this case to state court would not be unfair to BCC and Intervenors, and the fairness factor is neutral.

    *D. Comity*

"Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir.2010) (citation omitted). Here, the Court finds no compelling reason not to remand this case to state court under comity principles. Additionally, the Court believes that the state court is in a better position to interpret and apply the appropriate state law to resolve the state law appeal. For these reasons, comity weighs in favor of remanding the state court appeal to New Mexico state court.

An analysis of the previous factors shows that judicial economy, convenience, and comity weigh in favor of remanding this case. Fairness is neutral. Furthermore, it does not appear that at this early stage in the litigation that Plaintiffs are trying to unfairly manipulate the Court's jurisdiction. Therefore, the Court determines that it is appropriate and proper to remand this case to the First Judicial District Court, County of Santa Fe, State of New Mexico.

IT IS ORDERED that

1. Plaintiffs' Motion to Remand (Doc. 7) is granted; and

2. this case will be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE